[S. F. No. 13250.   In Bank.—October 23, 1929.]

CON O'HARE et al., Plaintiffs, v. JOSEPH DUSEN-BERRY et al., Defendants and Respondents; S. W. GEORGE et al., Appellants.

George F. Sharp for Appellants.

Crozier C. Culp and Lynn W. Culp for Respondents.

LANGDON, J.—Plaintiffs filed a complaint asking for an injunction against defendants to prevent them from selling at execution sale certain real property alleged to be owned by plaintiffs, under an execution issued on a judgment against William Jones, Sr., which judgment grew out of an award made by the Industrial Accident Commission in favor of defendant Joseph Dusenberry.

Defendants obtained an order granting them leave to file a cross-complaint and to bring in additional parties, and an answer and cross-complaint was filed against the plaintiffs in the original action and against William Jones, Sr., and William Jones, Jr., which cross-complaint alleged, in effect, that a conspiracy existed to defeat the satisfaction of the judgment in favor of Dusenberry; that William Jones, Sr., was the equitable owner of the real property sought to be sold and any transfers which had been made thereof were made as a part of the conspiracy to defraud Dusenberry.   After the cross-defendants had answered the

cross-complaint, putting in issue its material allegations, the cross-complainants disclaimed any right or interest in the real property standing of record in the name of Con and Louisa O'Hare and the matter went to trial upon the question of whether or not defendants and cross-complainants were entitled to levy execution upon certain real property alleged to be owned by plaintiff and cross-defend-ant S. W. George. The court found the facts in favor of defendants and cross-complainants and an appeal has been taken by cross-defendants S. W. George, William Jones, Sr., and William Jones, Jr., and their attorney, George F. Sharp.

The appeal presents a single question of fact: Whether W. Jones, Sr., was, in fact, the owner of the properties involved herein at the time of the levy of execution on said properties on November 5, 1927. Though the title must be traced through a tortuous maze of transfers, sales, redemptions, etc., which gives the effect in the record of most complicated and intricate problems, a careful and patient examination of the transcript on appeal leads to the conclusion reached by the trial court, that throughout the changes in the record title of the property, the beneficial interest or at least a beneficial interest remained in the cross-defendant William Jones, Sr., and was and is subject to execution upon a judgment against him. Upon this question the trial court found: That on or about the twenty-sixth day of March, 1922, defendant and cross-complainant Joseph Dusenberry, was by the Industrial Accident Commission, awarded a judgment against W. Jones, cross-defendant; that said judgment, as of the thirty-first day of October, 1927, amounted in the aggregate, inclusive of interest thereon, to the sum of $5,780; that on the thirty-first day of October, 1927, the real properties now claimed by cross-defendant George were sold by the sheriff of the county of Alameda under a writ of execution issued upon the aforesaid judgment; that by said execution sale of said properties said judgment was satisfied in part, leaving a deficiency judgment in the sum of $4,659.14 still due to Joseph Dusenberry, which deficiency judgment was duly and regularly entered on the thirty-first day of November, 1927, and thereafter, on November 5, 1927, a writ of execution, duly issued upon

said deficiency judgment, was levied upon said real properties. At all times mentioned in the complaint for injunction, W. Jones, also known as William Jones and as W. Jones, Sr., the judgment debtor, was, ever since has been, and is now the owner of the real properties involved herein, and plaintiff and cross-defendant S. W. George did not at any of the times mentioned in said complaint have, nor has he now, any right, title or interest in said property.

We shall not attempt to recite the evidence produced at the trial; it is voluminous, involved, direct and indirect, often conflicting, and some of the witnesses are self-contradictory. Suffice it to say that the record abundantly supports the findings made.

There are no other matters involved in the appeal which are worthy of consideration. The judgment is affirmed.

Richards, J., Seawell, J., Waste, C. J., Curtis, J., and Preston, J., concurred.